The Honorable Norman R. Wolfinger State Attorney Eighteenth Judicial Circuit 2725 Judge Fran Jamieson Way Building D Viera, Florida 32940
Dear Mr. Wolfinger:
As State Attorney for the Eighteenth Judicial Circuit, you ask the following questions:
1. Is the Grand Jury permitted to conduct its proceedings at a location other than the county seat?
2. If the Grand Jury is permitted to conduct proceedings at a location other than the county seat, what approval, if any, must be obtained to lawfully permit that move?
In sum:
1. and 2. The Grand Jury, with the approval of the court, may conduct its proceedings at locations other than the county seat, as designated by the chief judge.
As your inquiries are interrelated, they will be answered together.
While it is usual to have a courthouse at the county seat in order to hold court and convene the grand jury, an examination of the Constitution and statutes reveals no requirement that such proceedings be held only at the county seat. In fact, various provisions of the Constitution and statutes appear to recognize that in certain counties, judicial proceedings may be held at locations other than the county seat.[1]
Counties are required to provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.[2]
While such facilities are generally provided at the county seat, Article VIII, section 1(k), Florida Constitution, provides in part:
"In every county there shall be a county seat at which shall be located the principal offices and permanent records of all county officers. . . . Branch offices for the conduct of county business may be established elsewhere in the county by resolution of the governing body of the county in the manner prescribed by law."[3]
Thus, the constitutional provision recognizes that governmental activities may be conducted at a location other than the county seat.
While nothing in the statutes specifies where grand jury proceedings must be held, Article V, section 7 of the Florida Constitution provides "[a] circuit or county court may hold civil and criminal trials and hearings in any place within the territorial jurisdiction of the court as designated by the chief judge of the circuit."
In light of the above constitutional provision, I am of the opinion that grand jury proceedings may be held at locations other than the county seat as designated the chief judge of the circuit.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tall
[1] See, e.g., s. 34.181, Fla. Stat., allowing a municipality or county to apply to the chief judge of the circuit in which the municipality or county is situated for the county court to sit in a location that is convenient in time and place for its citizens and law enforcement officers, and requiring such county or municipality to pay for the facilities; s. 40.015, Fla. Stat., authorizing the creation of jury districts.
[2] Section 43.28, Fla. Stat. But see, Art. V, s. 14, Fla. Const., changing funding of the court system, with the legislature appropriating funds pursuant to a phase-in schedule established by general law beginning with the 2000-2001 fiscal year and to be fully effectuated by July 1, 2004.
[3] See, Commentary to Art. VIII, s. 1, Fla. Const. (subsection was changed from revision commission recommendation which provided that branch offices could be established as provided by law to authorize county commission to establish branch offices by resolution in a manner presented by law); Volusia County v. State,417 So.2d 968, 970 (Fla. 1982), recognizing the authority of Volusia County pursuant to Art. VIII, s. 1(k), to establish branch offices; and Op. Att'y Gen. Fla. 70-166 (1970) recognizing the authority of the county commission to establish by resolution a branch office for the conduct of county business.